# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

FRANCES RENEE MILLER/PERRY,                                                   PLAINTIFF
ADC# 708998

V.                                      1:10-cv-00033-BSM-JJV

LARRY NORRIS, Director, Arkansas
Department of Correction; *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence tp be proffered at the hearing before the District Judge (if such a  hearing is granted) was not offered at the hearing before the Magistrate

1

>   Judge.
>
> 3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Arkansas Department of Correction (ADC) McPherson Unit, filed a *pro se* Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, and now, at the direction of the Court, an Amended Complaint (Doc. No. 7). After carefully reviewing Plaintiff's allegations in her Complaints, in accordance with its screening function under 28 U.S.C. § 1915A, the Court recommends that the claims be dismissed pursuant to Rule 8 of the Federal Civil Procedure Rules.

## I.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**II.   ANALYSIS**

Plaintiff's Complaint and Amended Complaint plainly fall short of the directions of Rule 8(a) and (e) of the Federal Rules of Civil Procedure, which specifies that a complaint must contain a "short and plain statement" showing that the Plaintiff "is entitled to relief." Fed.R.Civ.P. 8. Nothing in Plaintiff's pleadings can be described as "short," "plain," or "simple."

On May 10, 2010, Plaintiff submitted a Complaint naming nine defendants. The Court reviewed the Complaint and identified at least 18 separate claims. These widely

varying claims included due process claims relating to disciplinary charge convictions, allegations that Defendants have failed to follow ADC policy in conducting these disciplinary proceedings, denial of her "right to religious services, program services, college courses, class status, showers, recreation, clean room, denied DR court, phone, commissary, library, visitation . . . to go to the parole board . . . clean clothes, [and] hygiene items," that she was required to live in a dirty unsanitary cell with only a metal bunk to sleep on, and that she was "chained to a bed 28 ½ hours [and] left in a cell cuffed behind her back with shackles," and "suffered a broke[n] arm."

On June 4, 2010, the Court entered an Order (Doc. No. 5) granting Plaintiff leave to proceed *in forma pauperis* and giving her 30 days in which to submit an amended complaint that stated a claim against the named Defendants. Plaintiff was specifically advised she must attribute her claims to the named Defendants in her complaint, and should allege facts that directly implicate the Defendants with a claimed constitutional violation. She was further advised that in order to challenge any of her more than one hundred referenced disciplinary proceedings, she must identify for the Court which, if any, of her disciplinaries had been reversed, and that she must provide some dates that would at least allow the Court to determine whether these events occurred within the statute of limitations.

Plaintiff responded on June 21, 2010, with 209 pages of argument and exhibits addressing issues dating back to 2006 and adding one Defendant, Larry May. Various other individuals are named in this pleading, some of whom appear to be accused of unlawful behavior, but it is not clear whether Plaintiff intended to add them as defendants or even

whether they are ADC employees or other inmates. For example, Plaintiff's allegation that she had been chained to a bed for over 28 hours and that her arm was broken does not appear to bear any relationship to the named Defendants or the disciplinary convictions she challenges. Specifically, Plaintiff states that Sgt. Dunavion and Sgt. Gilbert, neither of whom are named as defendants, took her to a hospital and while there she suffered a seizure and then was chained to the bed afterwards for "assaultive behavior." (Doc. No. 7, p. 12). Plaintiff also states that her arm was broken by Kelly Dyer and Sara Sallas, who are apparently other inmates, but she does not attribute any claims of constitutional violations to the named Defendants related to this matter. *Id*. at 13.

To meet the minimal requirements of Rule 8(a)(2) for pleading a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 n. 3 (2007). The complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(per curiam)(quoting *Twombly*, 550 U.S. at 555). In the case of an action for a violation of federal civil rights under 42 U.S.C. § 1983, this means a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the violation was committed by a person acting under color of state law in order to state a cognizable claim. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Walker v. Reed*, 104 F.3d 156, 157-158 (8th Cir. 1997). Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which a particular defendant is to be held responsible, keeping in mind

that persons sued in their individual capacities for damages must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

This Court does not take lightly this recommendation of dismissal under the generalized pleading standards of Rule 8. However, it has become apparent that the Court is unlikely to obtain from the Plaintiff any more helpful information about the nature of her claims than that which she has already provided. *See e.g. Williams v. Harmon*, 294 Fed.Appx. 243, 2008 WL 4331125 (8th Cir. 2008)(approving pre-service dismissal of "rambling forty-one page complaint with its attached 303 exhibits" for failure to comply with Rule 8)[1];

Plaintiff has failed to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Therefore, her Complaint should be dismissed without prejudice and, if Plaintiff chooses, she may re-file this action in compliance with Fed.R.Civ.P. 8.

---

[1]*See also Trobaugh v. Hyatt*, 125 Fed.Appx 755 (8th Cir. 2005)(unpub. *per curiam*)(explaining that *pro se* inmates must comply with the pleading requirements set forth in Fed.R.Civ.P. 8(a) and (e)); *Chandler v. Pogue*, 56 Fed.Appx. 756 (8th Cir. 2003)(unpub. *per curiam*)(holding that a trial court did not abuse its discretion when it dismissed a *pro se* inmate's complaint for filing to comply with Fed.R.Civ.P. 8 and 10). *See also Mills v. Harmon,* No. 2:09CV00188 JMM/JTR, 2010 WL 1542520 (E.D. Ark. Mar. 22, 2010)("verbose and confusing" complaints with thirteen claims against twenty-four defendants was in "flagrant violation" of Rule 8); *Georgeoff v. Barnes*, No. 2:09CV00014 ERW, 2009 WL 2757042 (E.D. Mo. Aug. 26, 2009)(*pro se* plaintiff's amended complaint, at 97 pages and 242 numbered paragraphs, failed to comply with Rule 8); *Brock v. U.S.*, No. 09-3013, 2009 WL 2324438 (W.D. Ark. July 29, 2009)(failure to comply with Court's order to file amended pleadings that complied with Rule 8 resulted in dismissal); *Schneider v. BJC Healthcare System*, No. 4:08CV1721 HEA, 2009 WL 1176273 (E.D. Mo. May 1, 2009)("confusing" complaint that "fails to even remotely state claims against [the] defendants" warranted dismissal under Rule 8).

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that this action be DISMISSED without prejudice and all pending motions be denied as moot.

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 28th day of July, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE